**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:08-cv-06304-WJM-MF |
| v. | ) ) | |
| IMPAX LABORATORIES, INC., MYLAN PHARMACEUTICALS INC., MYLAN INC., MUTUAL PHARMACEUTICAL COMPANY, INC., UNITED RESEARCH LABORATORIES, INC. and URL PHARMA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:09-cv-00228-WJM-MF |
| v. | ) ) | (Consolidated for discovery purposes) |
| SANDOZ INC., | ) ) | |
| Defendant. | ) ) | |

|  |  |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 2:09-cv-00469-WJM-MF |
| v. | ) ) (Consolidated for discovery purposes) |
| ACTAVIS ELIZABETH LLC, ACTAVIS INC. and ACTAVIS GROUP HF., | ) ) ) |
| Defendants. | ) ) |

|  |  |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 2:09-cv-01233-WJM-MF |
| v. | ) ) (Consolidated for discovery purposes) |
| IMPAX LABORATORIES, INC., | ) ) |
| Defendant. | ) ) |

|  |  |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 2:09-cv-02037-WJM-MF |
| v. | ) ) (Consolidated for discovery purposes) |
| MYLAN PHARMACEUTICALS INC. and MYLAN INC., | ) ) ) |
| Defendants. | ) |

2

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of Plaintiffs Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company, LLC, Warner Chilcott (US), LLC (collectively "Warner Chilcott"), and Mayne Pharma International Pty. Ltd. ("Mayne") (Warner Chilcott and Mayne are hereinafter collectively referred to as "Plaintiffs") and/or of the Defendants in these consolidated cases, or other persons, that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, the parties to these consolidated cases desire to establish a mechanism to protect the disclosure of such trade secrets or other confidential research, development or commercial information in these cases;

WHEREAS, the parties consider such information to be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(7) and Local Civil Rule 5.3, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3rd Cir. 1995) and, therefore, mutually desire that a protective order limiting use, access to, and disclosure of such information be entered;

WHEREAS, the parties seek to protect their confidential information without unduly encroaching upon the public's right to be informed of judicial proceedings, in accordance with Local Civil Rule 5.3;

WHEREAS, a party seeking to protect information filed under seal with the Court must comply with standards set forth in Local Civil Rule 5.3;

WHEREAS, the parties contemplate that confidential information produced in these cases may be produced by a non-party, and the parties also seek to facilitate the production and protection of such confidential information;

WHEREAS, such confidential information must be protected in order to preserve the legitimate business interest of the parties or other persons;

WHEREAS Plaintiffs and Defendants Impax Laboratories, Inc. ("Impax"), Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively "Mylan"), Sandoz Inc. ("Sandoz") and Actavis Elizabeth LLC, Actavis Inc. and Actavis Group hf. (collectively "Actavis") (Impax, Mylan, Sandoz and Actavis are hereinafter collectively referred to as "Defendants") have, through counsel, stipulated to the entry of this Discovery Confidentiality Order ("Order") for the purposes of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS the parties have established good cause for entry of this Order as shown by the certifications submitted in support of this Order;

IT IS HEREBY ORDERED that:

## Definitions

1.    a.    The term "Confidential Information" includes all non-public information that the designating party reasonably believes should be protected from public disclosure because such information (i) is of a proprietary, marketing, financial, pricing, technical or trade secret nature; or (ii) involves privacy interests of individuals.  Confidential Information shall include, but not be limited to, the New Drug Application No. 50-795 and the Abbreviated New Drug Applications, Nos. 90-505 and 91-132 filed by Impax, Nos. 90-431 and 91-052 filed by Mylan, No. 90-192 filed by Sandoz and No. 90-134 filed by Actavis, at issue in this action, including all

supplements, updates, amendments and revisions thereto.  Confidential Information shall apply to all information, documents and things within the scope of discovery in these consolidated cases that are designated as containing or comprising Confidential Information, including, without limitation, documents and things responsive to requests for production of documents and things under Fed. R. Civ. P. 34; information produced by other persons which the producing or designating party is under an obligation to maintain in confidence; responses to written interrogatories under Fed. R. Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36 or other discovery requests; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, hearings or trial.  The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Confidential Information.  Information originally designated as Confidential Information shall not retain that status after any ruling by the Court denying such status to it.  Confidential Information of a highly sensitive nature may be designated as "Confidential - Attorneys' Eyes Only" pursuant to paragraph 3 of this Order, and may include the above described ANDAs and related materials.

b.      The term "Protected Information" means, collectively, information designated as "Confidential" and/or information designated as "Confidential – Attorneys' Eyes Only."

c.      The term "designating party" means the party or person designating documents or information as Confidential Information under this Order.

d.      The term "receiving party" shall mean the party to whom Protected information is disclosed.

e.      The term "Related Cases" shall mean:  (1) *Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company LLC, Warner Chilcott (US), LLC and Mayne Pharma*

*International Pty. Ltd. v. Impax Laboratories, Inc., Mylan Pharmaceuticals Inc., Mylan Inc., Mutual Pharmaceutical Company, Inc., United Research Laboratories, Inc. and URL Pharma, Inc.*, Civil Action No. 2:08-cv-06304-WJM-MF; (2) *Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company LLC, Warner Chilcott (US), LLC and Mayne Pharma International Pty. Ltd.  v. Sandoz Inc.*, Civil Action No. 2:09-cv-00228-WJM-MF; (3) *Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company LLC, Warner Chilcott (US), LLC and Mayne Pharma International Pty. Ltd.  v. Actavis Elizabeth LLC, Actavis Inc. and Actavis Group hf.*, Civil Action No. 2:09-cv-00469-WJM-MF; (4) *Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company LLC, Warner Chilcott (US), LLC and Mayne Pharma International Pty. Ltd.  v. Impax Laboratories, Inc.*, Civil Action No. 2:09-cv-01233-WJM-MF; and (5) *Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company LLC, Warner Chilcott (US), LLC and Mayne Pharma International Pty. Ltd. v. Mylan Pharmaceuticals, Inc. and Mylan Inc.*, Civil Action No. 2:09-cv-02037-WJM-MF.

      f.    Notwithstanding anything to the contrary herein, the description Protected Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

## Designation Of Protected Information

      2.    Each designating party who produces or discloses any material that it believes contains or comprises Confidential Information shall so designate the same.  With respect to documents or copies provided by one party to the other, the designating party shall mark the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL," or a marking of like import.  If a party initially produces documents for inspection (*e.g.,* because of the volume of materials and to reduce unnecessary copying), in

lieu of marking the original of a document which contains Confidential Information prior to such an inspection, counsel for the producing party may orally or in writing designate documents or things being produced for inspection as containing Confidential Information, thereby making them subject to this Order; however, any copies of such documents thereafter provided must be marked by the producing party in accordance with this Order at the time copies are formally produced.   Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "Confidential - Subject to Confidentiality Order."

      3.     Any party to this litigation and any third-party shall have the right to designate as "Confidential - Attorneys' Eyes Only" and subject to this Order any information, document or thing, or portion of any document or thing, that contains highly sensitive personal or business information, including but not necessarily limited to highly sensitive Confidential Information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.   With respect to documents or copies provided by one party to the other, the designating party shall mark the initial page and the page or pages on which any such highly sensitive information appears with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or a marking of like import.   If a party initially produces documents for inspection (*e.g.,* because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential - Attorneys' Eyes Only information prior to such an inspection, counsel for the producing party may orally or in writing designate documents or things being produced for inspection as containing Confidential - Attorneys' Eyes Only information, thereby making them subject to this Order; however, any copies of such documents thereafter provided must be

marked by the producing party in accordance with this Order at the time copies are formally produced.  Tangible objects constituting or containing Confidential - Attorneys' Eyes Only information may be designated as such by affixing to the object or its container, a label or tag marked "Confidential – Attorneys' Eyes Only - Subject to Confidentiality Order."

4.      If any Protected Information is produced by a person other than a party, such person shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order, and both parties to this Order should be treated as receiving parties. The parties recognize that, during the course of this litigation, Protected Information that originated with a person other than a party and for which there exists an obligation of confidentiality may be produced.  Such information that the designating party believes originated with such person, but is subject to a confidentiality obligation, may be designated as Protected Information and shall be subject to the restrictions on disclosure specified in Paragraph 6.

5.      Nothing in this Order shall be deemed to enlarge or diminish any person's rights and/or obligations with respect to Protected Information rightfully received at any time under no obligation or different obligation of confidentiality.  Nothing contained herein shall be construed to restrict disclosure and use of documents, information, or things obtained through discovery, whether or not deemed confidential hereunder, to any person who had previously prepared, lawfully received, or had rightful access to such documents, information, or things.  Nothing contained herein shall be construed to restrict disclosure and use by the receiving party of any Protected Information of another party should such documents, information, or things become publicly available through no fault or wrongdoing of the receiving party.

6.      In the event a party or person producing information, through inadvertence, produces or provides information without correctly designating it Protected Information as

8

provided in this Order, the producing party may give written notice to the receiving party or parties that the document, thing, other discovery information, response or testimony is Protected Information and shall be treated in accordance with the provisions of this Order. The receiving party or parties must treat such documents, things, information, responses and testimony as Protected Information from the date such notice is received in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked documents, things, information, responses or testimony, the receiving party shall return or destroy said unmarked or incorrectly marked documents, things, information, responses and testimony and not retain copies thereof. Upon notice to the receiving party of such failure to designate, the receiving party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the inadvertently disclosed information, without prejudice.

7. Inadvertent production of documents or information subject to the attorney client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information. The receiving party shall return such documents or information and all copies of such documents or information to the producing party immediately. If necessary, the receiving party may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

8. Any party filing with the Court any material that has been designated as Protected Information ("Filing Party"), shall comply with the requirements of Local Civil Rule 5.3, and shall simultaneously file a Motion to Seal such Protected Information in accordance with the

provisions of Local Civil Rule 5.3, to prevent public disclosure; provided however, (a) the burden of proving to the Court that such Protected Information should be sealed under Local Civil Rule 5.3 shall at all times remain with the party that initially disclosed the Protected Information and that designated the subject material as Protected Information under the terms of this Order ("Designating Party"), (b) if the Filing Party is not the Designating Party and is unaware of the specific basis for the Designating Party having designated Protected Information, then the Filing Party nonetheless is obligated to make a reasonable effort when filing Protected Information to meet the provisions of Local Civil Rule 5.3.  In the event the Filing Party takes exception to any material designated Protected Information by the Designating Party, then the Filing Party shall seek relief from such designation pursuant to the procedures set forth in this Order.

9.     In addition to the requirements of Local Rule 5.3, Confidential Information identified and marked in accordance with paragraph (2) hereof shall not be filed with the Court or included in whole or in part in pleadings, motions, or briefs except: 1) electronically under seal pursuant to the requirements of Local Rule 5.3; or 2) in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and docket number of this action, the words "Confidential: Filed Under Seal," a general non-confidential description of the contents (*e.g.*, Exhibit X or pages 2-5 of Mr. X's deposition), and a statement substantially in the following form:

> This envelope contains documents or things which are filed by (name of party) under a Confidentiality Order dated _____.  It shall not be opened or released from the custody of the Clerk of Court except by order or under direction of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be delivered to the Court's chambers marked in the same manner recited above, in order to assure that the same is brought promptly to the Court's attention.

10.     Nothing in this Order shall prohibit the right of one party to request from another party claiming confidentiality that the designated Pleading and Discovery Materials be released from the confidentiality restriction for all purposes or for limited purposes (such as to show to certain designated persons).  Any such requests and resulting permission shall be in writing and shall be considered by the receiving party in a reasonable manner.

### Disclosure Of Confidential Information

11.     Except as provided elsewhere in this Order, information designated as Confidential Information may be disclosed only to the following individuals:

a.     Outside attorneys of record for any party and stenographic, clerical and paralegal employees or independent contractors (*e.g.*, photocopiers, translators, interpreters, etc.) of such attorneys.  At present, such firms are McCarter & English LLP; Fitzpatrick, Cella, Harper & Scinto; Lite DePalma Greenberg & Rivas, LLC, Durie Tangri Lemley Roberts & Kent LLP, Hedman & Costigan, P.C.; Wolff & Samson PC, Curtis, Mallet-Prevost, Colt & Mosle LLP, Cantor Colburn LLP, Saiber LLC, Wilson Sonsini Goodrich & Rosati PC, Hill Wallack LLP, St. Onge Steward Johnston & Reens LLC, and Axinn, Veltrop & Harkrider LLP, but this provision shall include any other law firms whose attorneys enter an appearance and sign this Order.  Outside attorneys are those not employed

by a party or related entity and include attorneys employed by firms of record even if not otherwise identified specifically on pleadings.

b.  Independent consultants or experts (and their staff) retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 13 herein;

c.  Each person or firm retained by Plaintiffs or Defendants for the purpose of producing graphic or visual aids, as long as these personnel comply with the procedure of Paragraph 13 herein;

d.  The Court, Court personnel and Official Court Reporters and Videographers to the extent that Confidential Information is disclosed at a deposition or Court session which such reporter is transcribing or recording; and

e.  Two attorneys employed by Plaintiff Mayne and two by the Warner Chilcott plaintiffs, and two attorneys employed by each group of Defendants ("inside counsel"), provided that before such attorneys receive any disclosure as permitted under this Order of Confidential Information, each attorney shall review and agree to be bound by the terms of this Order by signing the Declaration of Compliance. Production sets of documents containing Confidential Information shall be maintained at the offices of outside attorneys of record only. To the extent Confidential Information is provided to inside counsel at their offices, that information shall be maintained in a secure fashion and shall not be shared or

disseminated.  Inside counsel may retain only one copy of any document produced by the opposing party and shall make no additional copies of the information or documents received.   An in-house attorney can be substituted at any time upon agreement of the parties or for good cause shown upon order of the Court.   Subject to the foregoing, the parties designate the following in-house attorneys:

    A.     For Warner Chilcott: Susanna J. Gray

    B.     For Mayne: Mayne to designate in accordance with the terms of this Order at an appropriate time as this matter progresses.

    C.     For Impax: Huong Nguyen

    D.     For Mylan: Andrew Kozusko III and Jaime Lebo

    E.     For Sandoz: Stephen R. Auten and Alexandra Haner

    F.     For Actavis: Lisa Graver

The foregoing lists in this Paragraph may be expanded by mutual agreement in writing by counsel for Plaintiffs and Defendants.

12.   Except as provided elsewhere in this Order, information designated as Confidential - Attorneys' Eyes Only information may be disclosed only to the following individuals:

    a.     Outside attorneys of record for any party and stenographic, clerical and paralegal employees or independent contractors (*e.g.*, photocopiers, translators, interpreters, etc.) of such attorneys.  At present, such firms are McCarter & English LLP; Fitzpatrick, Cella, Harper & Scinto; Lite DePalma Greenberg & Rivas, LLC, Durie Tangri Lemley Roberts & Kent LLP, Hedman & Costigan, P.C.; Wolff & Samson PC, Curtis, Mallet-Prevost, Colt & Mosle LLP, Cantor Colburn LLP, Saiber LLC, Wilson

Sonsini Goodrich & Rosati PC, Hill Wallack LLP, St. Onge Steward Johnston & Reens LLC, and Axinn, Veltrop & Harkrider LLP, but this provision shall include any other law firms whose attorneys enter an appearance and sign this Order.  Outside attorneys are those not employed by a party or related entity and include attorneys employed by firms of record even if not otherwise identified specifically on pleadings.

b. Independent consultants or experts (and their staff) retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 13 herein;

c. Each person or firm retained by Plaintiffs or Defendants for the purpose of producing graphic or visual aids, as long as these personnel comply with the procedure of Paragraph 13 herein; and

d. The Court, Court personnel and Official Court Reporters and Videographers to the extent that Confidential - Attorneys' Eyes Only information is disclosed at a deposition or Court session which such reporter is transcribing or recording.

**Use And Control Of Protected Information**

13. Before an independent consultant or expert is afforded access to another party's Protected Information, the identity and current resume or curriculum vitae of the consultant or expert shall be furnished to all parties, along with a copy of the Declaration of Compliance signed by the consultant or expert.  These materials may be provided at any time after this Order is signed by the parties.  No Protected Information shall be disclosed to such expert consultant

until after the expiration of a ten (10) business day period commencing upon the receipt by opposing counsel of the identity and current resume or curriculum vitae of the expert ("Expert Notice").  If, within ten (10) business days of receipt of an Expert Notice, any party objects, in writing and with an explanation of the basis for the objection, to the proposed disclosure to the expert, the parties shall then have three (3) additional business days after an objection is raised to use good faith efforts to reach an agreement regarding the proposed disclosure to the expert, during which period of time disclosure may not be made absent an agreement.  If agreement cannot be reached, the party objecting to disclosure may apply to the Court for relief within five (5) business days after it is determined that an agreement cannot be reached.  The burden shall be on the objecting party to show the Court good cause why the disclosure should not be made.  In the event an application is made to the Court, however, the materials will continue to be treated as Protected Information in accordance with this Order during the time the Court considers the application and will not be disclosed to the consultant or expert.

14.     All information designated as Protected Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes or used in any other legal proceeding, except as permitted by order of the Court, or as agreed by the parties.  It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice.  At any time a party may move the Court to modify this or any other provision of this Order upon good cause shown.

15.     All deposition testimony shall be treated as containing Protected Information and subject to this Order until a time thirty (30) calendar days following receipt of the final transcript by counsel for the disclosing party.  In the event that the disclosing party or any other party

wishes testimony or information disclosed at a deposition to be treated as Protected Information thereafter, that party shall designate such testimony or information as Protected Information by either notifying the other party in writing, within thirty (30) calendar days following receipt of the final transcript, or designating during the deposition the transcript or portions thereof as Protected Information, and by specifying whether then information is to be treated as Confidential Information or as Confidential - Attorneys' Eyes Only information.  Documents and things already designated as Protected Information which are used as exhibits shall remain as such.  If during a Court proceeding Protected Information is likely to be revealed, any party may request that the proceeding be held in camera.  If such request is granted by the Court, the transcript of such proceedings shall be treated as a deposition transcript for the purposes of this Order.  Any party may designate the deposition testimony of any third party as confidential and the provisions of this paragraph may be invoked.

16.     Any deposition testimony and corresponding deposition exhibit in any of the Related Cases may be used in any of the other Related Cases; provided, however, no party shall use any testimony and corresponding deposition exhibit designated as confidential in a Related Case in any other Related Case(s) that does not involve the party whose information is designated as Protected Information, unless the party whose information is so designated consents to the use of such information.

17.     Any Protected Information produced by Plaintiffs in response to document requests from any of the Related Cases may be used in any of the other Related Cases.  Any Protected Information produced by Defendants in response to document requests from any of the Related Cases may be used by Plaintiffs in any of the other Related Cases.  Nothing in this Order, however, shall allow Plaintiffs or Defendants to use Protected Information produced by a

Defendant in a Related Case(s) in any other Related Cases(s) that does not involve that same Defendant, unless the producing Defendant consents to the use of such information.

18.     In the event that a party seeks to question a witness at a deposition, hearing or trial about Protected Information that the witness is not otherwise authorized to access under this Order, the party who wishes to disclose the Protected Information must first seek permission to do so from the party who designated the material as being Protected.  If permission is denied, the party seeking to disclose the Protected Information may present an application to the court for leave to disclose such information to the witness at issue.  In making such an application, the burden shall be on the requesting party to demonstrate good cause for making the disclosure. Nothing in this Order shall prevent Plaintiffs from using Protected Information, testimony or exhibits from a Defendant produced in a Related Case in any other Related Case(s) where that Defendant is not a party if Plaintiffs obtain permission from that Defendant, or the approval of the court in accordance with the provisions of this paragraph.

## **Stipulation**

19.     For each of the Related Cases, a deposition notice will be sufficient to require any testifying expert to appear for a deposition and to produce discoverable material in his/her possession, custody, or control.  Absent good cause, no subpoena shall be served on a witness individually based on his/her role as a testifying expert.  Any testifying expert appearing at a deposition shall produce, at least seven (7) days prior to the deposition, any data, documents, or other information on which the witness relied in forming his/her opinion.  Examination at deposition or trial will be permitted as to any information on which the expert has or will rely in forming his/her opinion.

20.     For each of the Related Cases, drafts of expert reports or declarations and notes generated by experts (unless such notes are generated while testifying) are exempt from discovery.  Communications between experts and outside counsel shall not be discoverable unless it is shown, through direct or circumstantial evidence, that the expert relied upon any such communications in forming the ultimate opinions that he or she expects to testify to in any of the Related Matters.  Suggestions from outside counsel regarding revisions to the form of the expert's report or additional support for the expert's ultimate opinions are examples of communications that are protected from discovery under this Order.  Otherwise, all communications and materials considered or relied upon by any expert may be subject to discovery

21.     Nothing in this Stipulation shall be construed to preclude (a) the use of non-protected materials by any party; or (b) a party from seeking to challenge a designation of any material(s) as Protected Information under this Order.

## <u>Miscellaneous</u>

22.     This Order is intended to provide a mechanism for handling the disclosure or production of Protected Information to which there is no objection other than confidentiality. Neither the agreement of the parties with respect to Protected Information, nor the designation of any information, document or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action.  Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Protected Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

23.     This Order may be amended with respect to (a) specific documents or items of Protected Information or (b) persons to whom Protected Information may be disclosed, by Court order or by written agreement of the parties hereto.  This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of this Court.

24.     Within sixty (60) days after the final termination of these consolidated cases (or, if less than all of the consolidated cases, as to the terminated case(s) only (including all appeals), all documents, objects and other materials produced as or designated as Protected Information, including extracts or summaries thereof, and all reproductions thereof, including but not limited to that given to experts and inside counsel, shall be returned to the designating party or shall be destroyed, at the option of counsel in possession of such copies.  If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the designating party that destruction has taken place.  However, outside counsel for each party may retain (a) one copy or sample of all material designated Protected Information for reference in the event of disputes over the use or disclosure of such material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record.

Nothing may be filed under seal, or removed from Court records, except by order of the Court on cause shown.

25.     No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraphs 11, 12 or 29 as being entitled to receive it, any information designated as Protected Information under this Order without prior written consent of the designating party or an order of this Court.  If the receiving party learns that Protected Information produced to it is disclosed to

any person other than in the manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

26.     No person designated in accordance with Paragraph 11(b), (c) or (e) or Paragraph 12(b) or (c) shall have access to Protected Information without first signing a Declaration of Compliance with the Confidentiality Order (in the form attached as Exhibit 1 hereto).  A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.  Copies of Declarations signed by persons designated in accordance with Paragraph 11(b) or (c) and 12(b) and (c) shall be provided promptly to opposing counsel.  Copies of Declarations signed by persons designated in accordance with Paragraph 11(e) shall not be provided to opposing counsel, but the names of such persons shall be disclosed to opposing counsel.

27.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

28.     Nothing contained in this Order shall be construed to restrain a party or third party from disclosing its own Protected Information as it deems appropriate.  Nothing contained in this Order shall be construed to require production of any Protected Information deemed by counsel for the party or third party possessing such material to be privileged or otherwise immune from discovery.  This shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

29.     Nothing contained in this Order shall be construed to limit any party's rights (a) to use, in taking depositions of a party, its employees or its experts or in briefs or at trial or in any

proceeding in this litigation, any Protected Information, or (b) to disclose Protected Information to any witness at a deposition or at trial who either wrote (in whole or in part), received or lawfully has or had rightful access to such information.  In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is a present officer, director or employee of the producing party or a 30(b)(6) witness testifying on behalf of the producing party.  However, any Protected Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

30.     If counsel believes that any question or questions that will be put to a witness at deposition or at trial in this action will disclose material designated Protected Information, or that answers to any question or questions will require such disclosure, or if material designated Protected Information will be used as an exhibit at such a deposition, counsel shall advise opposing counsel of same, and the deposition (or protected portions thereof), shall be conducted only in the presence of persons entitled under the terms of this Order access to the Protected Information at issue.

31.     Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection.  Any receiving party may at any time request that the designating party cancel or change the Protected Information designation with respect to any document, object or information.  Such request shall be written, shall be served on counsel for the designating party and shall particularly identify the designated Protected Information that the receiving party contends is not entitled to either Confidential or Confidential - Attorneys' Eyes Only protection and the reasons supporting its contention. If the designating party does not agree to remove or change the Protected Information designation, then the party contending that

such documents or information are not confidential or otherwise protectable may file a motion to be relieved from the restrictions of this Order with respect to the document or information in question, and the designating party shall have the burden of proving that its designation was appropriate.  Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality as to such documents or any other information.

32.     The restrictions and obligations set forth herein relating to material designated as Protected Information shall not apply to any information which: (a) the parties (and, if another person produced Protected Information, such person) agree or the Court rules, is already public knowledge; (b) the parties (and any respective producing person) agree or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Order; (c) has come or shall come into a receiving party's legitimate possession independently of the producing party; or (d) has been independently developed by or for the party without use of, or reference to, the other party's Protected Information, which shall remain Protected.

33.     This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

34.     All notices required by any paragraphs of this Order are to be made by facsimile and/or e-mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  For any notice required under this Order, notice received after the close of business (6:00 p.m. Eastern time) shall be deemed received on the following working day.

35.     Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the Related Cases and, in the course thereof, relying in a

general way upon his or her examination of Protected Information produced or exchanged in the Related Cases; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Protected Information, the attorney shall not disclose the contents of Protected Information produced by any other party or non-party.

IT IS HEREBY ORDERED:

_____
Hon. Mark Falk
United States Magistrate Judge

Dated:  November _____, 2009

23

Dated: November 13, 2009


By: <u>S/William J. Heller</u>
William J. Heller (wheller@mccarter.com)
Jonathan M.H. Short (jshort@mccarter.com)
Mark H. Anania (manania@mccarter.com)
Symone J. Redwine (sredwine@mccarter.com)
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

*Attorneys for Plaintiffs*
*Warner Chilcott Laboratories Ireland Limited*
*Warner Chilcott Company, LLC*
*Warner Chilcott (US), LLC and*
*Mayne Pharma International Pty. Ltd.*

Of Counsel:
Dominick A. Conde (dconde@fchs.com)
Diego Scambia (dscambia@fchs.com)
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800

*Attorneys for Plaintiffs*
*Warner Chilcott Laboratories Ireland Limited*
*Warner Chilcott Company, LLC and*
*Warner Chilcott (US), LLC*

Dated: November 13, 2009


By: S/Michael E. Patunas
Allyn Z. Lite (alite@ldgrlaw.com)
Michael E. Patunas (mpatunas@ldgrlaw.com)
Mayra V. Tarantino (mtarantino@ldgrlaw.com)
**LITE DEPALMA GREENBERG & RIVAS, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Ryan M. Kent (rkent@durietangri.com)
Daralyn J. Durie (ddurie@durietangri.com)
**DURIE TANGRI LEMLEY ROBERTS & KENT LLP**
332 Pine Street, Suite 200
San Francisco, California 94104

Martin P. Endres (mendres@hgcpatent.com)
Matthew J. Solow (msolow@hgcpatent.com)
**HEDMAN & COSTIGAN, P.C.**
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Impax Laboratories, Inc.*

Dated: November 13, 2009


By: S/Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Geri L. Albin (gla@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102


Ron E. Shulman (rshulman@wsgr.com)
Terry Kearney (tkearney@wsgr.com)
Dieter H. Hellmoldt (dhellmoldt@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304


Roger J. Chin (rchin@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105


Josh A. Mack (jmack@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
12235 El Camino Real, Suite 200
San Diego, California 92130

*Attorneys for Defendants*
*Mylan Pharmaceuticals Inc. and*
 *Mylan Inc.*

Dated: November 13, 2009


By: S/Eric I. Abraham
Eric I. Abraham (eia@hillwallack.com)
**HILL WALLACK LLP**
202 Carnegie Center
CN 5226
Princeton, New Jersey 08543

Richard J. Basile (rbasile@ssjr.com)
David W. Aldrich (daldrich@ssjr.com)
Tatyana Voloshchuk (tvoloshchuk@ssjr.com)
Michael Kosma (mkosma@ssjr.com)
Chris Strate (cstrate@ssjr.com)
James P. Jeffry (jjeffry@ssjr.com)
**ST. ONGE STEWARD JOHNSTON & REENS LLC**
986 Bedford Street
Stamford, Connecticut 06905-5619

*Attorneys for Defendant Sandoz Inc.*

Dated: November 13, 2009


By: S/Gail L. Gottehrer
Gail L. Gottehrer (glg@avhlaw.com)
Francis H. Morrison, III (fhm@avhlaw.com)
Jeremy C. Lowe (jcl@avhlaw.com)
Edward M. Mathias (emm@avhlaw.com)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, Connecticut 06103

*Attorneys for Defendants*
*Actavis Elizabeth LLC,*
*Actavis Inc. and*
*Actavis Group hf.*

## <u>EXHIBIT 1</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:08-cv-06304-WJM-MF |
| v. | ) ) | |
| IMPAX LABORATORIES, INC., MYLAN PHARMACEUTICALS INC., MYLAN INC., MUTUAL PHARMACEUTICAL COMPANY, INC., UNITED RESEARCH LABORATORIES, INC. and URL PHARMA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:09-cv-00228-WJM-MF |
| v. | ) ) | (Consolidated for discovery purposes) |
| SANDOZ INC., | ) ) | |
| Defendant. | ) ) | |

| | |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ACTAVIS ELIZABETH LLC, ACTAVIS INC. and ACTAVIS GROUP HF., | ) ) ) |
| Defendants. | ) ) |

Civil Action No.
2:09-cv-00469-WJM-MF

(Consolidated for discovery purposes)

| | |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| IMPAX LABORATORIES, INC., | ) ) |
| Defendant. | ) ) |

Civil Action No.
2:09-cv-01233-WJM-MF

(Consolidated for discovery purposes)

| | |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MYLAN PHARMACEUTICALS INC. and MYLAN INC., | ) ) ) |
| Defendants. | ) ) |

Civil Action No.
2:09-cv-02037-WJM-MF

(Consolidated for discovery purposes)

## <u>DECLARATION OF COMPLIANCE</u>

I, the undersigned, hereby acknowledge that I have read the Discovery Confidentiality Order entered in this action, understand the terms thereof, agree to be bound by such terms and agree to be subject to the jurisdiction of said Court in all matters relating to said Order. I acknowledge that I will treat all information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" strictly in accordance with the terms and conditions of this Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____          _____
                                 Signature

Address                          _____
                                 Print Name